UNITED STATES, Appellee,

v.

Danny R. WOODCOCK, Technical
Sergeant, U.S. Air Force,
Appellant.

No. 93–0037.
CMR No. 28529.

U.S. Court of Military Appeals.

Argued Nov. 3, 1993.

Decided March 4, 1994.

For Appellant: *Captain Gilbert J. Andia
Jr.* (argued); *Colonel Terry J. Woodhouse*
(on brief); *Lieutenant Colonel Jay L. Cohen.*

For Appellee: *Lieutenant Colonel Thomas
E. Schlegel* (argued); *Colonel Richard L.
Purdon, Colonel Jeffery T. Infelise, Major
Paul H. Blackwell, Jr.* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Appellant was convicted, *inter alia,* of nu-
merous bad-check offenses, in violation of
Article 123a, Uniform Code of Military Jus-
tice, 10 USC § 923a. He was sentenced to a
bad-conduct discharge, confinement for 1
year, and reduction to the lowest enlisted
grade (E–1). The convening authority ap-
proved the sentence as adjudged. The court
below dismissed one bad-check offense as
improperly charged and reassessed the sen-
tence, approving a bad-conduct discharge,
confinement for 1 year, and reduction to E–3.
35 MJ 528, 534 (1992). We granted review of
the following issue:

> WHETHER THE PURPOSE OF MAK-
> ING A GIFT IS ENCOMPASSED BY
> THE PHRASE "OR FOR ANY OTHER
> PURPOSE" IN ARTICLE 123a, UCMJ.

This appears to be a case of first impres-
sion for our Court. We hold that the pur-
pose of making a gift is encompassed by the
phrase "or for any other purpose" in Article
123a of the Code and affirm the decision
below.

### FACTS

Appellant argues that he should not be
held criminally liable for two additional bad-
check offenses, those checks having a com-
bined worth of $3600.00. The pertinent facts
are that appellant wrote two checks to Eliza-
beth Dodson in Las Vegas, Nevada. Relying
on appellant's claim to be a millionaire, Ms.

Dodson accepted the checks because she had been sick, unable to work, and was experiencing financial problems. Ms. Dodson was called as a witness, identified the checks, and testified that appellant gave her the two checks as gifts. The first check, in the amount of $2,700.00, was returned to Ms. Dodson's bank stamped with the notation "account closed." Ms. Dodson's bank contacted appellant, and 2 days later he covered the check and service charges to Ms. Dodson's account. The bank put a hold on appellant's second check to Ms. Dodson in the amount of $900.00. It was never actually deposited in Ms. Dodson's account but rather was returned to Ms. Dodson's bank, stamped with the notation "account closed." Appellant testified that the checks were given to Ms. Dodson as gifts and that, at the time he gave her the checks, he knew that he did not have any money in his bank account. "The result of appellant's charade was more financial distress for Ms. Dodson" in the nature of bounced checks. Answer to Final Brief at 4.

## DISCUSSION

■ The narrow question before us is whether the "for any other purpose" clause of Article 123a * includes writing checks for gifts.

Appellant's analysis, based upon Uniform Commercial Code (UCC) § 3–409(1), is that "the transfer of a gift check is not enforceable," Final Brief at 7, and that the Uniform Code of Military Justice should not be concerned with enforcing an unenforceable gift and the orderly flow of commercial paper. His syllogism is as follows: a gift requires donative intent, completed delivery, and acceptance, but a check constitutes only a promise of future delivery; therefore, a gift check is not enforceable until delivery is completed. Appellant argues that delivery was

not complete because no money was transferred from his account to Ms. Dodson's. Appellant ignores one important fact: Delivery was made impossible by his own actions of writing the gift checks on a closed account.

Appellant claims that our refusal in *United States v. Wallace*, 15 USCMA 650, 652, 36 CMR 148, 150 (1966), "on the basis of public policy ... to sustain criminal proceedings based upon the issuance of worthless or subsequently dishonored checks in connection with gambling games," should apply here. The crux of our decision in *Wallace* was that gambling is against public policy, and we will not enforce commercial transactions evolving therefrom. Gift giving, however, is not contrary to public policy; hence, the *Wallace* rationale does not apply here. Further, whether appellant is commercially liable for his gift checks under the Uniform Commercial Code has no bearing upon this Court's ability to look at the substance of his transactions and determine whether he is criminally liable under the Uniform Code of Military Justice. *Cf. Gatto v. Commissioner of Internal Revenue*, 1 F.3d 826, 829 (9th Cir.1993) (the Tax Court may "look at the substance" of gift "transactions and characterize them for federal tax purposes").

We hold that Article 123a includes the offense of writing worthless or subsequently dishonored gift checks. Our holding is consistent with the broad language of the Manual which defines "[f]or any other purpose" as

includ[ing] all purposes other than the payment of a past due obligation or the procurement of any article or thing of value. For example, it includes paying or purporting to pay an obligation which is not yet past due. The check, draft, or order, whether made or negotiated for the procurement of an article or thing of value or

* The elements of the bad-check offenses at issue here are:
  (a) That the accused made, drew, uttered, or delivered a check, draft, or order for the payment of money payable to a named person or organization;
  (b) That the accused did so for the purpose or purported purpose of effecting the payment of a past due obligation or for some other purpose;
  (c) That the act was committed with intent to deceive; and

(d) That at the time of making, drawing, uttering, or delivering of the instrument, the accused knew that the accused or the maker or drawer had not or would not have sufficient funds in, or credit with, the bank or other depository for the payment thereof upon presentment.

Para. 49b(2), Part IV, Manual for Courts–Martial, United States, 1984.

for the payment of a past due obligation or for some other purpose, need not be intended or represented as payable immediately. For example, the making of a postdated check, delivered at the time of entering into an installment purchase contract and intended as payment for a future installment, would, if made with the requisite intent and knowledge, be a violation of this article.

Para. 49c(7), Part IV, Manual for Courts-Martial, United States, 1984. Certainly this language logically encompasses the deceitful making of gift checks on a closed account by an individual deceitfully representing himself to be a millionaire. Even if the only advantage to appellant was his own personal aggrandizement in the eyes of Ms. Dodson, a woman he knew to be experiencing financial difficulties, that is sufficient.

■ As did the court below, we also note with approval the language in *Commonwealth of Pennsylvania v. Burruss*, 380 Pa.Super. 272, 551 A.2d 580 (1988), stating:

The harm or evil sought to be prevented by the [Pennsylvania] bad check statute is the intentional disrupting of "the flow of and undermining the soundness of commercial paper in this Commonwealth."

551 A.2d at 583, *quoting Commonwealth v. Mutnik*, 486 Pa. 428, 406 A.2d 516, 519 (1979). We believe the same harm is sought to be prevented by Article 123a, so we hold that the evidence that appellant deceitfully issued the gift checks on a closed account is sufficient to prove the violation.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.