UNITED STATES, Appellee,

v.

Sergeant Shaun L. GREENLEE, United States Army, Appellant.

ARMY 9601904.

U.S. Army Court of Criminal Appeals.

20 Oct. 1997.

For Appellant: Major Michael E. Hatch, JA; Captain Stephen P. Bell, Jr., JA (on brief).

For Appellee: Colonel Joseph E. Ross, JA; Lieutenant Colonel Frederic L. Borch III, JA; Captain Chris A. Wendelbo, JA; Captain Thomas N. Auble, JA (on brief).

Before EDWARDS, KAPLAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

A military judge sitting as a general court-martial found the appellant guilty, pursuant to his pleas, of making and uttering forty-eight worthless checks with the intent to defraud in violation of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a (1988)[hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for two months, forfeiture of $583.00 pay per month for two months, and reduction to Private E1.

Before this court, the appellant asserts in his Article 66, UCMJ, appeal that the military judge failed to dismiss that portion of the appellant's plea that dealt with the cashing of worthless checks to get coins to play government supported slot machines, citing *United States v. Allbery*, 44 M.J. 226 (1996). We agree.

The Court of Appeals for the Armed Forces in *Allbery* reaffirmed the thirty-year-old principle first recognized in *United States v. Wallace*, 15 U.S.C.M.A. 650, 36 C.M.R. 148, 1966 WL 4432 (1966), that transactions designed to facilitate on-site gambling activities are against public policy and the courts will not enforce commercial transactions evolving therefrom. *Id.* at 651, 36 C.M.R. at 149; *United States v. Woodcock*, 39 M.J. 104, 105 (C.M.A.1994). If a service club offers the convenience of check-cashing to facilitate on-site gambling, the conditions for applying the public policy protection of *Wallace/Allbery* are satisfied.

During the providency inquiry, the appellant told the military judge that when he wrote a check for $150.00 at the various Morale, Welfare, and Recreation Clubs at Camp Casey, Korea, he would request $50.00 in quarters so that he could gamble at the club's slot machines.[1] Although the appellant indicated at trial that he was aware of the public policy protection afforded by both *Wallace* and *Allbery*, he believed that since he used only a fraction, and not all, of the proceeds from his worthless checks to gamble, he was not entitled to assert the protection of these two cases.

This court recently confronted this same issue in *United States v. Thompson*, 47 M.J. 611 (Army Ct.Crim.App.1997), where a soldier cashed three checks at a service club in Korea for $50.00 each and of this amount received $40.00 in quarters, respectively, to

---

1. Forty-three (43) of the forty-eight (48) checks, were written for $150.00. The remaining five checks were written in amounts of $120.00 or less.

use in the club's slot machines. We concluded that an accused's intent at the time a worthless check is cashed is where the public policy protection line of *Wallace/Allbery* should be drawn. *Id.* at ——, slip op. 4. To whatever extent the accused's actions indicate an intent to use a certain amount of the proceeds from a worthless check on the club's gambling activities, the public policy protection is not only available, it must be applied. In *Thompson,* we followed *Wallace/Allbery* by reducing the total amount in the specification for the three checks from $150.00 to $30.00 for findings purposes.

Likewise in this case, the appellant indicated that it was his custom to ask for and receive $50.00 in quarters for the purpose of playing the club's slot machines when he cashed a $150.00 check. The remaining $100.00 was given to him in paper currency, which he intended to use for other purposes. To the extent of $50.00 for each of the forty-three $150.00 worthless checks the appellant cashed, we will apply the required public policy protection of *Wallace* and *Allbery* in our decretal paragraph.

We will not speculate on what the appellant's intentions were for the other five checks that were written in amounts less than $150.00, since the appellant failed to provide clear evidence in the record of how he intended to use the proceeds from these checks. Nor will we insulate the appellant for more than $50.00 for each of the forty-three $150.00 checks, although he indicated at trial that he sometimes later used part of the remaining $100.00 for gambling as well.

In this regard, military judges and trial practitioners who face a *Wallace/Allbery/Thompson* issue are encouraged to ensure that the record reflects the exact nature of how an accused intended to use the proceeds at the time he cashed the worthless check.[2] We will not extend any public policy protection to that portion of the proceeds of a worthless check with which an accused did not intend to gamble when he or she wrote the check.

We have also considered the error personally raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find that it does not warrant relief.

Accordingly, only so much of the finding of guilty of the Specification of the Charge that finds a total value of $4,780 is affirmed.[3] Reassessing the sentence on the basis of the error noted and the entire record, and applying the criteria of *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the sentence is affirmed.[4]

Senior Judge EDWARDS and Judge KAPLAN concur.

---

2. The extent to which an accused intends to gamble may be indicated by the amount of quarters he requests and receives from the club's cashier.

3. This amount reflects the total of forty-three (43) checks at $100.00 each, plus five (5) additional checks in the amounts of $120.00, $120.00, $100.00, $80.00, and $60.00.

4. The maximum punishment under the revised finding of guilty is a dishonorable discharge, confinement for thirty-three years, forfeiture of all pay and allowances, and reduction to Private E1. *See United States v. Mincey,* 42 M.J. 376 (1995).