## RAPHAEL JENNINGS v. THE STATE.

### No. 4312.   Decided December 20, 1916.

**1.—Assault to Rape—Former Jeopardy—Burglary—Distinct Offense.**

Where, upon trial of assault with intent to rape, defendant's plea of former jeopardy alleged that he had formerly been indicted for burglary with intent to ravish the alleged female at the same time and place, and had been acquitted, there was no error in sustaining an exception to this plea, as the offenses are distinct and separate under article 1317, Penal Code, et seq

**2.—Same—Evidence—Res Gestae.**

Upon trial of assault with intent to rape, there was no error in admitting in evidence the statements of the alleged assaulted female soon after the occurrence, and also testimony as to the extent of her injuries and condition of her clothes and surroundings.

**3.—Same—Evidence—Character of Prosecutrix.**

Upon trial of assault with intent to rape, there was no error in refusing to admit testimony that the alleged assaulted woman had immoral relations with other men. Following Wood v. State, recently decided.

**4.—Same—Charge of Court—Self-defense—Theory of Defense.**

Where, upon trial of assault with intent to rape, the defendant testified that he had sexual intercourse with the alleged female with her full consent at the time alleged in the indictment, and after the act, the woman assaulted him and that his assault upon her was wholly in self-defense from his standpoint, a failure of the court to submit this phase of the evidence was reversible error.

Appeal from the District Court of Titus. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams* and *Seb. F. Caldwell,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of plea of former jeopardy: Byas v. State, 41 Texas Crim. Rep., 51.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to rape and assessed the lowest punishment.

He pleaded former jeopardy. His plea alleged that he had formerly been indicted for burglary with intent to ravish Tina Carter, a woman, in said house at the time, and that on the trial therefor he was acquitted. The court properly sustained a demurrer to this plea and excluded all proffered testimony to prove it. The court's action was in accordance with the statute and the many decisions thereunder. (Arts. 1317-1318, P. C., and decisions thereunder.)

The statements of the alleged assaulted woman made to, and testified by, Gus Rutherford and his wife and by her also were clearly res gestae and admissible, and so were her statements soon thereafterwards made to others complaining of the injuries which she claimed were inflicted upon her at the time by appellant, and their testimony as to the condition of her clothes and person and bed and room, where it is alleged the assault occurred.

The court did not err in refusing to permit Mollie Crosby to testify, in substance, that the alleged assaulted woman had theretofore lived with another man at her house and that she had had an illegitimate child and that she had been compelled to have her leave her home on account of her immoral relations with men. (Wood v. State, 189 S. W., 474, recently decided but not yet reported, and authorities therein cited.)

Without reciting all of it, the testimony of the alleged assaulted woman was to the effect that appellant came to her house, where she was living alone, between 1 and 2 o'clock at night when she was asleep. That his coming into her room must have awakened her, for the first she saw of him was when he was standing at her bed with a lighted match. She asked who it was, and he told her. She asked what he wanted, and he told her that he had come to see her to have sexual intercourse with her. That she refused to do this, ordered him away, and that thereupon he violently assaulted, choked and beat her in an attempt to have intercourse with her.

Appellant testified that prior to this time he had been with her many times and had repeatedly previously thereto had sexual intercourse with her with her full consent. That on the evening this assault occurred at night she met him on the streets in town and specially invited him to come down to see her that night and have sexual intercourse with her, and that he went at her invitation at the time she says he was there. That when he reached there he knocked on the door. She responded, asking who it was, when he told her; and that she got up and let him in. That he thereupon, with her full consent, went to bed with her, stayed with her some two hours, and during the time had two acts of sexual intercourse with her with her full consent. That just after this last act, she wanted him to pay her a dollar for his pleasure with her; that he told her he had no money and did not pay her. That it was solely because of his failure and refusal to pay her the dollar at the time that she got mad at him, assaulted him, and that his assault of

her thereupon followed, and was wholly in self-defense from his testimony and standpoint. He introduced more or less testimony tending to show his prior previous relations with the woman as he testified he had had, and of meeting her in the town the evening before and having said engagement with her to go out and stay with her that night.

The court in his charge did not submit either of his claimed defenses, that of self-defense or his going to see her that night at her invitation and having sexual intercourse with her as testified by him, and that he in no way assaulted her for the purpose or with the intention of having sexual intercourse with her. Appellant objected to the court's charge for failure to submit his claimed self-defense and asked a charge on the subject himself, which the court refused. He also asked a charge on his other defense, as stated, which the court refused. In our opinion, the court's action in both of these particulars was material error against appellant. It is unnecessary to discuss these questions. The mere statement of them shows material error against appellant, for which the judgment must be reversed.

While appellant assigns error in the refusal of other special charges requested by him, none of them present any error.

For the errors pointed out, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*