UNITED STATES, Appellee

v

LARRY J. GOINS, Private, U. S. Army, Appellant

17 USCMA 132, 37 CMR 396

No. 19,960

July 7, 1967

*Captain Mark Kessel* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Major David J. Passamaneck,* and *Captain Frank J. Martin, Jr.*

*Captain Joel P. Schiff* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel David Rarick.*

## Opinion of the Court

FERGUSON, Judge:

Accused, chancing upon a German maid in the woods, made advances which were met with the production of a springblade knife with which the young lady successfully protected her virtue. Wounded though he was, accused's troubles were not ended. Her immediate complaint also resulted in a charge of assault with intent to commit rape, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934, on which he was duly arraigned, tried, convicted, and sentenced to bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. Intermediate appellate authorities affirmed, and we have the case before us on the somewhat unusual contention that the law officer erred in failing to grant a requested instruction on self-defense. Under the circumstances, we believe the defense proposition to have merit and reverse.

According to the prosecutrix, she heard someone running in the woods behind her. Stepping aside to allow him to pass, she was suddenly tackled by the accused, who carried her a short distance and threw her to the ground. His subsequent actions left little doubt of his violent amatory purpose, and she, having once before suffered molestation and determined not to undergo a further humiliation, withdrew a large knife from her purse, snapped it open, and vigorously defended herself. In the course of these events, she succeeded in stabbing the accused in the arm and beat a hasty retreat to her nearby home, where she immediately reported the attack. Accused was subsequently identified and apprehended.

Accused's testimony painted a different picture. Walking through the woods with some friends, he spied a strolling young woman; took her to be a prostitute; and, leaving his companions, sought to make her acquaintance. According to him, however, when he spoke to her in broken German, she appeared startled and, as he reached out his hand toward her, produced a knife. As the victim thereafter began to make stabbing motions toward him with the knife, he concluded he was in serious danger. He grabbed her and threw her to the ground, but only with the idea of preventing her from cutting him. Stabbed nevertheless, he allowed her to arise. When she fled, he pursued her a few feet but relented and again sought out his friends. He expressly denied intending at anytime to rape the girl.

On the basis of the foregoing, the accused sought an instruction on self-defense, emphasizing the assaultive nature of the conduct with which he was

charged and the need for such to have been legally unjustified and inexcusable in order to sustain a conviction. Although trial counsel joined in the request, the law officer—making, we fear, a judgment on credibility—peremptorily denied it.

We have many times pointed out the duty of the law officer of a general court-martial or president of a special court-martial to instruct the court members on the defense of self-defense when the evidence presents such a factual issue for their resolution. United States v Smith, 13 USCMA 471, 33 CMR 3; United States v Moore, 15 USCMA 187, 35 CMR 159; United States v Sitren, 16 USCMA 321, 36 CMR 477. This is but a specific application of the duty of the law officer to instruct on any defense of the accused presented by the evidence. United States v Amie, 7 USCMA 514, 22 CMR 304; United States v Smith, 13 USCMA 105, 32 CMR 105; United States v Sheeks, 16 USCMA 430, 37 CMR 50. The Government, relying heavily on the prosecutrix's evidence, argues the accused was an aggressor and, thus, the issue of self-defense was not raised. In so doing, it ignores the accused's testimony. The test, however, is not the credibility of the witnesses for either side, nor do we weigh such in determining whether instructional issues are presented. United States v Sitren, United States v Sheeks, both supra. Those are questions for the fact finders *under proper instructions,* and, as we long ago declared, "An accused is entitled to have presented instructions relating to any defense theory for which there is any foundation in the evidence." United States v Amie, supra, at page 518.

We are certain that the issue was here fairly presented by the proof. According to the prosecutrix, she was suddenly and viciously attacked and, luckily, was armed and courageous enough to beat off the assault. The accused's testimony, however, if believed, indicates he did nothing of an assaultive or aggressive nature. Attempting a "pickup," he was met by a violent assault with a knife and threw

the girl down only to protect himself. If believed, his testimony completely exonerated him of the assault charge on the basis of self-defense. Thus, in Jennings v State, 80 Tex Crim 450, 190 SW 733 (1916), wherein the prosecutrix testified to facts making out an assault with intent to commit rape, and the accused declared that she in fact assaulted him when he refused her payment for her favors, his acts in return being in protection of his person, it was held prejudicial to fail to charge the jury on the law of self-defense. The court there stated, at page 734:

"The court in his charge did not submit either of his claimed defenses, that of self-defense or his going to see her that night at her invitation and having sexual intercourse with her as testified by him, and that he in no way assaulted her for the purpose or with the intention of having sexual intercourse with her. Appellant objected to the court's charge for failure to submit his claimed self-defense, and asked a charge on the subject himself, which the court refused. He also asked a charge on his other defense, as stated, which the court refused. In our opinion, the court's action in both of these particulars was material error against appellant. It is unnecessary to discuss these questions. The mere statement of them shows material error against appellant, for which the judgment must be reversed."

In like manner, it was incumbent on the law officer here to instruct the court-martial as regards the law of self-defense as placed in issue by the accused's testimony. His failure to do so was prejudicial error.

The findings of guilty and sentence are set aside. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

The majority reverse the roles of

**134**

the victim and the accused in unbelievable fashion. According to the accused's own testimony, he approached the girl from the rear on a path in a wooded area. He is about five feet, ten inches tall, weighed about two hundred pounds, and at the time wore civilian clothes. The girl was seventeen years of age and about five feet, two inches tall. The accused said "something" to the girl which so "scared her or frightened her," to use the accused's own words, that she "jumped." Despite her obvious fright, the accused "reached out" his hands "for her." Only then, as admitted by the accused, the girl "pulled out a knife and started stabbing" at him. She had every right to do so. She, not the accused, was acting in self-defense. In fact, accused's appellate counsel admit as much. Their brief in support of the petition for grant of review acknowledges that at the outset the accused was "the aggressor . . . [and] guilty of some form of assault" upon the girl.

An aggressor cannot plead self-defense to justify a continuation of an assault upon his victim; he must first announce or demonstrate his withdrawal from the initial engagement. United States v O'Neal, 16 USCMA 33, 36 CMR 189. This record contains not a scrap of testimony to indicate the accused even wanted to withdraw from physical contact with the girl, much less that he actually withdrew. On the contrary, he admitted he threw her to the ground, and positioned himself on top of her.

Jennings v State, 80 Tex Crim 450, 190 SW 733, 734 (1916), which is so heavily relied upon by the majority, is inapposite. In that case, the accused testified the prosecutrix had demanded money from him for a voluntary act of intercourse. When he said he had no money, "she got mad" and "assaulted" him; then he struck her in defense of his own person. How different that contention is from the accused's in this case!

I would sustain the law officer's ruling denying the defense request for an instruction on self-defense, and affirm the conviction.