**UNITED STATES, Appellee,**

v.

**Specialist Sean P. KELLEY, 566–77–3174, United States Army, Appellant.**

**ACMR 9202649.**

U.S. Army Court of Military Review.

14 April 1994.

---

Before GRAVELLE, JOHNSTON and BAKER, Appellate Military Judges.

OPINION OF THE COURT

BAKER, Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of making a false official statement, wrongful use of cocaine, and wrongful appropriation in violation of Articles 107, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 912a, and 921 (1988) [hereinafter UCMJ]. Contrary to his pleas, he was also convicted of an additional specification of wrongful appropriation. He was sentenced to a bad-conduct discharge, confinement for four months, and reduction to the grade of Private E1. The convening authority approved the sentence as adjudged.

■ The appellant asserts that the evidence is insufficient to support the finding of guilty as to the contested specification of wrongful appropriation. The test for legal sufficiency is whether a reasonable fact finder, viewing the evidence in a light most favorable to the government, could find all essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When certain defenses are raised, the test includes whether a reasonable fact finder could find that those defenses did not exist beyond a reasonable doubt. *See* Rule for Courts–Martial 916 [hereinafter R.C.M.]. The test for factual sufficiency, on the other hand, is whether we ourselves are convinced beyond a reasonable doubt of the appellant's guilt after weighing the evidence and making allowances for not having personally observed the witnesses. *United States v. Tur-*

*ner,* 25 M.J. 324 (C.M.A.1987). We find both tests satisfied in the case at bar.

The contested specification alleged that the appellant stole checks numbered 217 through 225, the property of Private (PVT) Graves. The appellant was found guilty, by exceptions and substitutions, of wrongfully appropriating PVT Graves' checkbook. The appellant and PVT Graves were good friends. PVT Graves apparently owed the appellant about $200.00. While PVT Graves was deployed to Fort Irwin, California, for training, the appellant entered his barracks room and took his checkbook, which contained numerous checks. Subsequently, the appellant made three of the checks out to himself, "forged" PVT Graves' signature on them, and negotiated them, thereby obtaining $211.00. When PVT Graves returned from the NTC, he found his checkbook in the back seat of a third soldier's car. Although PVT Graves initially reported a larceny, he subsequently honored the checks written by the appellant. He also stated he would have given the appellant permission to take the checks had he asked.

The appellant asserted the so-called self-help defense at his court-martial—denying criminal responsibility for his acts because he merely took PVT Graves' property as collat-

eral or security for a bona fide debt. Although not included in the listing of defenses in Rule for Courts–Martial 916, self-help is recognized in some military cases. *See United States v. Gunter,* 37 M.J. 781 (A.C.M.R. 1993) citing *United States v. Eggleton,* 22 U.S.C.M.A. 503, 47 C.M.R. 920, 1973 WL 14867 (1973).[1] However, a recent decision by the United States Navy–Marine Corps Court of Military Review suggests that the defense may no longer be viable. *United States v. Martin,* 37 M.J. 546 (N.M.C.M.R.1993).[2]

Based on the appellant's assertion of self-help, the military judge found him not guilty of forgery.[3] The appellant now argues that a consistent application of self-help requires that we set aside his conviction for wrongful appropriation of the checkbook. Assuming, without deciding, that self-help continues to be a viable defense and even if it was properly applied to the forgery charge, we do not find this argument compelling.

■ Wrongful appropriation requires proof of a wrongful taking, obtaining, *or* withholding. Manual for Courts–Martial, United States, 1984, Part IV, para. 46b(2) [hereinafter MCM, 1984]. Even if self-help could arguably be a defense to a wrongful *taking* of the checkbook in this case, it is axiomatic that collateral must be accounted

---

1. In *Eggleton,* the defense was not applied because the value of property taken as the collateral substantially exceeded the value of the debt. In a footnote, Duncan, J., indicated he believed "the doctrine of self-help based on a claim of right should be limited to the recoupment of specific property wrongfully withheld or reasonably thought to be wrongfully withheld from the owner...." *Id.* 47 C.M.R. at 922 n. 2, 1973 WL 14867. The opinion clearly stood for more. An additional defense is unnecessary for situations where one merely recovers one's own property and the mistake of fact defense allows recovery of property reasonably thought to be one's own. *See United States v. Smith,* 14 M.J. 68 (C.M.A. 1982) and R.C.M. 916j.

2. *Martin* is premised on the Court of Military Appeals' abandonment of the "innocent purpose" doctrine in *United States v. Kastner,* 17 M.J. 11 (C.M.A.1983), and *United States v. Johnson,* 17 M.J. 140 (C.M.A.1984). In a lengthy concurrence, Judge Mollison suggests it would be sufficient to find that the claim of right (self-help) defense is inapplicable when collateral is seized violently. *Martin,* 37 M.J. at 552. Although the issue may not be before us in the case

at bar, we question whether there is any place at all for self-help in military law. Seizure of collateral without consent almost always involves at least the potential for violence. In situations where collateral is taken surreptitiously, albeit peacefully, third parties are likely to be affected. For example, in the case at bar PVT Graves suspected that one or more of his fellow soldiers were "barracks thieves" and requested the military police use their resources to investigate. The concept of self-help should be superfluous if soldiers use appropriate measures, to include legal assistance and the chain of command, to ensure that lawful debts are paid and wrongfully detained private property is returned.

3. This expansive application of self-help finds some support in *Gunter,* 37 M.J. 781. However, we do not agree that self-help can ever be applicable to forging and negotiating another individual's checks—even where one only recovers a debt. Whoever cashed the forged checks for the appellant would have been liable if PVT Graves had not agreed to honor them. This is exactly the sort of harm sought to be prevented by Article 123, UCMJ. *See United States v. Woodcock,* 39 M.J. 104 (C.M.A.1994).

for or returned after a debt is extinguished. A wrongful *withholding* may arise as a result of a failure to return or account for property when a return or accounting to the owner is due, even if the owner has made no demand for the property. MCM, 1984, Part IV, para. 46c(1)(b). Self-help is inapposite to the appellant's wrongful failure to return the checkbook after he obtained an amount clearly greater than the value of the debt. It follows that a reasonable fact finder could easily determine, beyond a reasonable doubt, that self-help was not a complete defense to wrongful appropriation of the checkbook.

 Pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), the appellant also asserts that the evidence is insufficient to prove wrongful appropriation because PVT Graves never testified that he did not have permission to *take* the checkbook, only that he did not have permission to *write* the checks. Even so, we find PVT Graves' testimony more than sufficient for a reasonable fact finder to conclude, through entirely reasonable inferences, that he did not consent to the *withholding* of his checkbook. All elements of wrongful appropriation being clearly proven, we conclude that the evidence is legally sufficient to support the finding of guilty.

Having determined that the evidence is legally sufficient, we turn to the issue of factual sufficiency. We have carefully examined all the evidence and are ourselves convinced the appellant is guilty of wrongful appropriation by withholding. Accordingly, the evidence meets the test for factual sufficiency.

The remaining assertion of error was resolved against the appellant in *Weiss v. Unit-* *ed States,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

The findings of guilty and the sentence are affirmed.[4]

Senior Judge GRAVELLE and Judge JOHNSTON concur.

---

4. The military judge's resolution of a command influence issue raised at trial merits mention. After an extensive inquiry, the military judge specifically found that: (1) the appellant's immediate commander attempted to disrupt the personal relationship between the appellant and PVT Graves after she discussed the case with the prosecution; (2) part of the commander's motivation was to improve the government's case by making PVT Graves appear more like a victim; and (3) the commander confronted PVT Graves on two occasions and referred to perjury charges in an attempt to persuade him to testify in a manner she perceived to be truthful—consistent with his statement to criminal investigators rather than with his statement to the defense counsel—and thereby weaken the self-help defense. After concluding that there had been an unauthorized intrusion by the command into the court-martial process, the military judge delayed the proceedings until PVT Graves had been discharged from the Army. In addition, he prohibited the trial counsel from eliciting testimony in any manner inconsistent with PVT Graves' statement to the defense counsel.