UNITED STATES, Appellee

v.

David L. BARNES, Technical Sergeant
U.S. Air Force, Appellant.

No. 68,512.
CMR No. 28771.

U.S. Court of Military Appeals.

Argued Nov. 2, 1993.

Decided May 31, 1994.

For Appellant: *Captain Robert I. Smith* (argued); *Colonel Terry J. Woodhouse* (on brief); *Colonel Jay L. Cohen.*

For Appellee: *Captain Jane L. Harless* (argued); *Colonel Richard L. Purdon, Colonel Jeffrey T. Infelise, Colonel William T. Hoffman* (USAFR), *Lieutenant Colon Thomas E. Schlegel, Major Paul H. Blackwell, Jr.* (on brief).

*Opinion of the Court*

COX, Judge:

On June 21–22, 1990, appellant was tried by general court-martial composed of officer members at Luke Air Force Base, Arizona. Contrary to his pleas, he was convicted of failure to go to his appointed place of duty and wrongful use of cocaine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 USC §§ 886 and 912a, respectively. Appellant was also charged with desertion but was found guilty, pursuant to his pleas, of the lesser-included offense of being absent without leave, in violation of Article 86, UCMJ, 10 USC § 886. He was sentenced to a bad-conduct discharge, confinement for 8 months, forfeiture of $225 pay per month for 6 months, and reduction to paygrade E–1. The convening authority approved the sentence, and the Court of Military Review affirmed. 33 MJ 893 (1991).

■ We granted review of the following issue:

WHETHER THE MILITARY JUDGE'S FAILURE TO INSTRUCT ON INABILITY TO RETURN AS A DEFENSE TO FAILURE TO GO WAS PLAIN ERROR.[1]

During October 1989, appellant was working the day shift, from 0700 to 1600 hours, as maintenance crew chief for the 311th Combat Munitions Unit. On Monday, October 2, 1989, appellant left work for lunch and failed to return. At about 1430 hours, appellant telephoned his direct supervisor, Technical Sergeant Olsen, saying his car had broken down and had been towed to a garage for repairs. Sergeant Olsen instructed appellant to attend to his car and be at work the following morning. Without authorization, appellant failed to appear at work the next morning, and Sergeant Olsen did not hear from him until 1430 hours when appellant called from his house in Glendale. Appellant claimed that, after he had his car repaired on Monday, he went to buy gas. At the gas station, a couple approached him and asked him to drive them to Apache Junction, a distance of 40 to 70 miles,[2] for $50. Appellant maintains that, when he got to Apache Junction, the male passenger pulled a gun on him and demanded appellant's car and the $50 the couple had paid for the ride. Appellant asserts he then walked home from Apache Junction. This was his explanation for missing work on Tuesday, October 3. Appellant gave no reason for not making a phone call to his superiors before Tuesday afternoon.

On Wednesday morning, October 4, appellant was required to report for duty at 0700 hours but again failed to appear. Two servicemembers who were sent to give appellant a ride to work that morning reported that no one had been home at appellant's house. At

---

1. The Court of Military Review incorrectly applied a plain-error analysis, and the issue as granted asks for review under the same standard. The appropriate review is, rather, for harmlessness.

2. The distance between Apache Junction and appellant's home was disputed at trial. (R.116,-224,267.)

0730 hours, appellant called Sergeant Olsen to say he was still waiting for his ride to work. This time, Sergeant Olsen went to appellant's house, found appellant there, and called the base to report he had found appellant and was taking him directly to Master Sergeant Yoke's office as ordered.

Master Sergeant Yoke advised appellant of his Article 31(b), UCMJ, 10 USC § 831, rights, which he waived. Appellant explained that his absence from work resulted from his abduction and his long walk home. He consented to a urinalysis, the results of which were presented at trial to convict him of wrongful use of cocaine.

At trial, defense counsel made the following argument on findings regarding appellant's failure to go: "I anticipate the instructions the military judge will give you is [sic] that absence without authority also has to be somewhat in your control." Trial counsel objected, and the military judge noted that no such instruction had been discussed.

■ On appeal, appellant complains the military judge failed to *sua sponte* instruct on inability to return as a defense to failure to go. Before a *sua sponte* duty to instruct can arise, an affirmative defense must be reasonably raised by the evidence at trial. *United States v. Taylor*, 26 MJ 127, 129 (CMA 1988). According to *Taylor*:

> It is not necessary that the evidence which raises an issue be compelling or convincing beyond a reasonable doubt. Instead, the instructional duty arises whenever "some evidence" is presented to which the fact finders might "attach credit if" they so desire.

*Id.* at 129–30, *quoting United States v. Jackson*, 12 MJ 163, 166–67 (CMA 1981). *See United States v. Heims*, 3 USCMA 418, 421, 12 CMR 174, 177 (1953); *United States v.*

*Ginn*, 1 USCMA 453, 457, 4 CMR 45, 49 (1952).

■ The defense of physical inability to return is available and an absence is excused when a member of the military "is unable to return ... through no fault of his own." *United States v. Williams*, 21 MJ 360, 362 (CMA 1986), *quoting* para. 165, Manual for Courts–Martial, United States, 1969 (Revised edition). The requirement that the accused not be at fault is "strictly construed," making the defense of inability available only where the situation is not within the control of the accused. *Id.; United States v. Lee*, 16 MJ 278, 280 (CMA 1983). The defense is available in situations where third parties intervened, but not where "intervention by third parties was caused by the accused's fault." 16 MJ at 280, 281, *citing United States v. Calpito*, 18 USCMA 450, 40 CMR 162 (1969), and *United States v. Myhre*, 9 USCMA 32, 25 CMR 294 (1958).

■ At trial, Sergeant Olsen testified regarding appellant's excuse for missing work on October 3.[3] Appellant was "entitled" to have instructions on "any defense theory for which there is *any* foundation in the evidence." *United States v. Amie*, 7 USCMA 514, 518, 22 CMR 304, 308 (1957) (emphasis added; citations omitted). Appellant's account of the events is clearly part of the record. His credibility and the persuasiveness of his story are irrelevant to whether an affirmative defense has been raised. *United States v. Goins*, 17 USCMA 132, 134, 37 CMR 396, 398 (1967); *see United States v. Rose*, 28 MJ 132, 135 (CMA 1989). The defense of inability to return was raised.

■ Once the defense is initially raised, it can be "defeated" by a showing that the

---

3. On Monday night after his car was repaired, Sergeant Barnes had gone home and got changed and then went to like a Circle K to get gas. A gentleman came up to him and asked him if he would give him and his girlfriend, or wife, or whatever, a ride to Apache Junction and they would pay him $50.00 to do so. Sergeant Barnes said he would, but he had to stop by the house for a second and then he would give them a ride to Apache Junction. He stopped by the house and then proceeded to Apache Junction. He stated when they arrived at Apache Junction the male pulled a gun on him and told him he was going to take his car, and told Sergeant Barnes to get out or else he would have to use the gun. Sergeant Barnes got out of the car, they took the $50.00 back and took his car and Sergeant Barnes proceeded to walk back to the base.

accused did not exert sufficient efforts "to overcome the disability." 16 MJ at 281, citing *United States v. Bermudez*, 47 CMR 68 (AFCMR), *pet. denied*, 22 USCMA 631, 48 CMR 999 (1973). For example, in *United States v. Kessinger*, 9 CMR 261 (ABR 1952), the defense of inability to return was held not available to an accused whose car broke down as he was returning from a weekend pass because his absence resulted from his decision to stay with his car while it was being repaired, and this decision was made for "his own convenience." *Id.* at 268.

 Appellant essentially contends his absence resulted from abduction and consequential lack of transportation. The defense conceded that appellant did not "use[ ] the best judgment in not calling for help or not flagging somebody down." Although the Government could have rebutted appellant's evidence of inability to return, the record is silent regarding appellant's opportunity to overcome this disability. We do not decide whether appellant had reasonable opportunity to report his whereabouts to his superiors, ask for assistance, or request to be excused from duty. As there is some evidence that appellant's failure to return was not the result of "his own willful and deliberate conduct," the military judge was required to instruct on the affirmative defense of inability to return. 9 USCMA at 33, 25 CMR at 295.

We agree with the Court of Military Review's determination that the defense of inability to return was reasonably raised by the evidence and that the military judge's failure to instruct on the defense was error. *See* 33 MJ at 895–96. We do not agree with the Court of Military Review's conclusion that appellant suffered no prejudice.

 A right to an instruction on an affirmative defense which is reasonably raised by the evidence "is not waived by a defense failure to request such an instruction." 26 MJ at 129. Such instruction can only be "affirmatively waived." *See United States v. Strachan*, 35 MJ 362, 364 (CMA 1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1595, 123 L.Ed.2d 159 (1993). We cannot

affirm appellant's conviction if there is a "reasonable possibility" the judge's error in failing to instruct "might have contributed to the conviction," and we are not persuaded the error was harmless. *United States v. Palacios*, 37 MJ 366, 368 (CMA 1993).

The military judge instructed the members as follows:

> In order to find the accused guilty of this offense you must be convinced by legal and competent evidence beyond a reasonable doubt that: one, that Technical Sergeant Olsen appointed a certain time and place of duty for the accused, and that is, 0700 hours to 1600 hours, Monday through Friday, at Building 1234, Luke Air Force Base, Arizona; two, that the accused knew that he was required to be present at this appointed time and place of duty; three, that on or about 2 October 1989, at Luke Air Force Base, Arizona, the accused, without proper authority, failed to go to the appointed place of duty at the time prescribed. . . .

None of the elements were in dispute, and absent an instruction on an affirmative defense, the members were required to find appellant guilty. Moreover, the Government objected to the defense statement during closing argument on findings that the military judge would instruct that to be guilty of the offense of failure to go, the absence must be within the accused's control. The sustained objection aggravates the failure to instruct. Under the circumstances, appellant was denied his sole defense and thus was deprived of a fair trial.

The decision of the United States Air Force Court of Military Review is reversed as to Charge I and its specification and the sentence. The findings of guilty thereon are set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to that court, which either may dismiss that Charge and reassess the sentence based on the remaining findings of guilty or may order a rehearing on the affected Charge and the sentence.

Judges CRAWFORD and GIERKE concur.

WISS, Judge, with whom SULLIVAN, Chief Judge joins (concurring in part and in the result):

For the reasons stated by the majority, I agree that the affirmative defense of inability reasonably was raised by the evidence and that, accordingly, the military judge was required, *sua sponte*, to instruct thereon. I agree, as well, with that part of footnote 1 to the majority opinion that the Court of Military Review erred in applying a plain-error analysis to the judge's instructional omission. Plain error is a device for overcoming passive waiver. *See* Mil.R.Evid. 103(d), Manual for Courts–Martial, United States, 1984. Since the judge's duty was *sua sponte* and, thus, since passive waiver through failure to request the instruction is not relevant, a plain-error analysis has no proper role in this context.

I disagree, however, with that portion of the opinion that proceeds to determine whether " 'there is a reasonable possibility' the judge's error in failing to instruct 'might have contributed to the conviction'...." 39 MJ at 233. There is no error at all unless the affirmative defense reasonably was raised by the evidence. Once an appellate court concludes that the evidence does raise a defense, it is ill-positioned to speculate what evidence the factfinders might have believed and what weight the factfinders might have given to conflicting evidence. *See United States v. Rankins*, 34 MJ 326, 328 (CMA 1992). "When a defense is reasonably raised by some evidence, it must be the subject of instruction if trial is by members, and the trier of fact must be convinced beyond a reasonable doubt that the 'defense does not exist.' " *United States v. Williams*, 21 MJ 360, 362 (CMA 1986). *Accord* RCM 916(b), Manual, *supra*.

Accordingly, in my view, once we decide that some evidence reasonably raised an affirmative defense that was not the subject of instruction by the military judge, we may not insinuate ourselves into the factfinders' responsibility in such a way that requires us to evaluate the weight of the evidence.* Instead, appellant is entitled to have his evidence weighed by the factfinders in their process of deciding whether he is guilty beyond a reasonable doubt. As I expressed a similar concern in my dissenting opinion in *Rankins*:

> It is for the *factfinder at trial*—not the military judge as a matter of law and not the Court of Military Review *ab initio* as a matter of fact—to weigh its credibility against the Government's evidence to the contrary.

34 MJ at 340. Since the majority's disposition of this appeal is consistent with these views, I can concur in the result ordered.

---

* The majority cites *United States v. Palacios*, 37 MJ 366, 368 (CMA 1993), for its harmless-error standard. That case, however, involved erroneous admission of evidence, not failure to instruct on an affirmative defense that reasonably was raised by the evidence. Those are seriously different issues, and the difference in the nature of the errors leads to a difference in the repercussions that flow from them. Accordingly, *Palacios* does not support the harmless-error test applied in this case.