# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BENJAMIN C. HILL**
**United States Army, Appellant**

ARMY 20130331

Headquarters, III Corps and Fort Hood
Kirsten V. Brunson, Military Judge (arraignment and trial)
Patricia H. Lewis, Military Judge (motion to dismiss)
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Major Yolanda McCray Jones, JA; Captain Ryan T. Yoder, JA (on brief); Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (on reply brief); Colonel Mary J. Bradley, JA; Lieutenant Colonel Christopher D. Carrier, JA; Captain Ryan T. Yoder (on motion for reconsideration).

For Appellee: Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Major Matthew T. Grady, JA (on brief); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Captain Jeremy Watford, JA (on specified response to issues on reconsideration).

27 February 2018

---------------------------------------------------------------------
MEMORANDUM OPINION ON RECONSIDERATION
---------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MULLIGAN, Senior Judge:

Appellant's assignments of error on reconsideration are all related to our superior court's decision regarding *United States v. Hills* instructional error. *See* 75 M.J. 350 (C.A.A.F. 2016). We address appellant's new arguments regarding the military judge's sua sponte instructional obligations, but uphold our previous determination the error was waived. *See United States v. Hill*, ARMY 20130331, 2017 CCA LEXIS 430 (Army Ct. Crim. App. 27 June 2017). We further choose to notice the *Hills* error, here, and conduct a plain error analysis. We determine the

*Hills* error resulted in prejudice with respect to only one of the affected specifications and take appropriate action.[1]

## BACKGROUND

A military panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications each of violating a lawful general regulation, aggravated sexual contact, and housebreaking in violation of Articles 92, 120, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, 930 (2006 & Supp. IV 2011). The panel sentenced appellant to a bad-conduct discharge and confinement for two years. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for one year and eleven months and credited appellant with eighty-four days of confinement against the sentence to confinement.

This case is again before us on a defense motion to reconsider. We previously addressed appellant's arguments regarding the *Hills* error, concluding trial defense counsel waived any objection to the improper propensity instructions and improper government argument. *Hill*, 2017 CCA LEXIS 430, *5. We further held in the alternative that even if *Hills* were a "new rule" appellant failed to establish the error resulted in material prejudice to a substantial right under a plain error analysis. *Hill*, 2017 CCA LEXIS 430, * 6-7. We granted defense appellate counsel's new motion to reconsider and the case is again before us to complete our Article 66, UCMJ, review.

## LAW AND DISCUSSION

### A. The Hills Error Here was Waived.

As we noted in our initial opinion on reconsideration, defense counsel's affirmative statements of no objection to the improper propensity instructions and failure to object to the improper argument waived the issues for appeal. We applied our superior court's decision in *United States v. Swift*, 76 M.J. 210 (C.A.A.F. 2017), and *United States v. Ahern*, 76 M.J. 194 (C.A.A.F. 2017), to determine that appellant's affirmative statements waived the propensity errors as he was fully aware of the issues and had numerous opportunities to contest their admission and use at trial. *Hill*, ARMY 20130331, 2017 CCA LEXIS 430, * 5.

Appellant argues that our reliance on both *Ahern* and *Swift* was misplaced because, unlike the evidentiary issues involved in those cases, here, the military

---

[1] In light of our decision to notice the waived error, we need not address appellant's assignment of error regarding ineffective assistance of counsel. We also have fully considered appellant's assignment of error regarding prosecutorial misconduct and determine it does not warrant discussion or relief.

judge had a sua sponte obligation to ensure the mandatory instruction regarding the presumption of innocence was not undermined. *See* Rule for Court-Martial (R.C.M.) 920(e)(5)(A). We agree with appellant; the military judge bears the primary responsibility for assuring a panel is properly instructed, and once instructed a panel is presumed to follow the law absent clear evidence to the contrary. However, a sua sponte duty does not undermine principles of waiver and forfeiture.

Even a structural error implicating constitutional provisions of due process is subject to waiver and forfeiture. *See gen. Weaver v. Massachusetts*, 137 S. Ct. 1899, 198 L. Ed. 2d 420 (2017). The United States Court of Appeals for the Armed Forces (CAAF) recently reiterated "that an accused's right to a required instruction on findings is not *waived* (that is, extinguished on appeal) by a failure to object without more . . ." *United States v. Davis*, 76 M.J. 224, 225 (C.A.A.F. 2017); *See also* R.C.M. 902(f) (stating failure to object to an instruction or to omission of an instruction constitutes forfeiture). However, this does not mean that a required instruction cannot be waived. Rather, the phrase "without more" implies a required instruction can be waived with more than a mere failure to object.

Supporting this proposition, the CAAF in *United States v. Gutierrez,* held that a mandatory instruction could be affirmatively waived by the defense. 64 M.J. 374, 376 (C.A.A.F. 2007) (citing *United States v. Barnes*, 39 M.J. 230, 233 (C.M.A. 1994)). Although dealing with the affirmative defense of mistake of fact under R.C.M. 902(e)(3), the principle in *Gutierrez* of affirmative waiver is equally applicable to all mandatory R.C.M. 902(e) instructions. While "there are no magic words to establish affirmative waiver," we are required to look at the record to see if there was a "purposeful decision" at play. *Id.* at 377 (citing *United States v. Smith*, 50 M.J. 451, 456 (C.A.A.F. 1999).

In *United States v. Hoffman*, we found an appellant's "repeated failure to object—and statement of no objection" to an erroneous propensity instruction constituted an affirmative waiver. 76 M.J. 758, 766-67 (Army Ct. Crim. App. 2017). Although we did not address the sua sponte nature of the military judge's obligations under R.C.M. 920(e)(5)(A) at that time, as it was not raised, we found that the repeated failures and affirmative statements of appellant's counsel indicating no objection constituted a purposeful decision. *Id.; See also Swift*, 76 M.J. at 217 ("as a general proposition of law, [a statement of] 'no objection' constitutes an affirmative waiver of the right or admission at issue.").

Similar to *Hoffman*, appellant's affirmative statements here show a purposeful decision. Prior to trial, the government filed a motion in limine, specifically asking the court to use the charged offenses of aggravated sexual contact as propensity evidence for each other. The defense counsel did not file a response. We note the absence of such a response or argument would constitute mere forfeiture under R.C.M. 920(f). However, at an Article 39(a), UCMJ, session the military judge and defense counsel discussed the filed motions:

> Military Judge: We did in the 802 discuss the
> government's two motion[s]. I've got a motion in limine
> regarding 413 and 404(b) evidence and also a motion in
> limine precluding mention of collateral consequences.
> [Defense counsel] indicated in the 802 session that [they]
> had no objection to either of those motions, correct?
>
> Defense Counsel: That's right, ma'am.
>
> Military Judge: Okay, so those two government motions
> are granted.

Propensity evidence stemming from charged conduct has never been *per se* admissible. As we explained in *Hoffman*, the instruction has always been subject to challenge under the CAAF's decision in *United States v. Wright*, 53 M.J. 476 (C.A.A.F. 2000). Each of the threshold findings required under *Wright* represented a ground on which appellant could have argued a propensity inference should have been disallowed in the case. Indeed, at a minimum the instruction could have been challenged based on Military Rule of Evidence (Mil R. Evid.) 403. And, yet appellant's statement of "That's right, ma'am" indicated an affirmative and purposeful decision not to challenge the motions on *any* grounds.

At another Article 39(a), UCMJ, session prior to trial, the military judge summarized the motions before the court and indicated "The government filed a motion in limine, and motion--- notice to present evidence under MRE 413 and MRE 404(b), and that is Appellate Exhibit VIII. That is unopposed, so that motion is granted." Appellant remained silent, affirming the military judge's understanding and indicating a purposeful decision.

At the close of trial and prior to panel instructions, trial counsel again requested the inclusion of the erroneous propensity instruction. After typing the instructions and allowing both sides to review them, the military judge asked both counsel, "Any objection to the instructions or corrections?" The defense counsel again responded, "No, ma'am." As in *Hoffman* we hold these repeated failures to object and affirmative statements indicating the defense had no objection to the instruction constituted a purposeful decision, thereby affirmatively waiving the issue.

### B. Noticing the Waiver.

In every case before us, we are required to conduct a plenary review. UCMJ, art. 66(c). With respect to extinguished error we are "required to assess the entire record to determine whether to leave an accused's waiver intact, or to correct the error." *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016) (citing *United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002). Here, while we find waiver, we

also find plain error. To avoid injustice, based on the facts of this case, we choose to notice the waived error and conduct a plain error review.

To show plain error, an appellant must demonstrate: (1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights of the accused. *United States v. Paige*, 67 M.J. 442, 449 (C.A.A.F. 2009). "[F]ailure to establish any one of the prongs is fatal to a plain error claim." *United States v. Oliver*, 76 M.J. 271, 275 (C.A.A.F. 2017). As the error at issue is one of constitutional dimension, "[o]nce [appellant] meets his burden of establishing plain error, the burden shifts to the Government to convince us that this constitutional error was harmless beyond a reasonable doubt." *Paige*, 67 M.J. at 449 (quoting *United States v. Carter*, 61 M.J. 30, 33 (C.A.A.F. 2005)).

The CAAF has issued additional guidance regarding the prejudice analysis of *Hills* error within the context of plain error review. *See United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017). Here, we are not convinced the erroneous propensity instruction did not play a role in appellant's conviction of Specification 1 of Charge I, the aggravated sexual contact against Private First Class (PFC) MA. *Id.* at 95. However, we are convinced the instruction did not play a role with respect to Specification 2 of Charge I, the aggravated sexual contact against PFC JW. *Id.*

Specification 1 of Charge I alleged an aggravated sexual contact against PFC MA. On 20 March 2011, PFC MA awoke to being held down by three individuals, including appellant, who had entered his room without his permission. Private First Class MA testified that as the individuals held him down, they pulled his pants down and one of them put his finger in PFC MA's anus. Private First Class MA said it was appellant because appellant's "hand was in that area." Private First Class MA testified that he fought to get away the whole time, but could not. The incident lasted less than a minute. The conviction was based solely on the testimony of the victim of the event. There was no testimony from an eyewitness or corroborating physical evidence. The lack of supporting evidence makes it difficult to conclude the instruction was harmless. We therefore grant appropriate relief as stated in our decretal paragraph.

This is different from Specification 2 of Charge I, the aggravated sexual contact against PFC JW. Private First Class MA was an eyewitness to this crime and corroborated PFC JW's accusation. On a single occasion between 14 and 20 April 2011, appellant and other soldiers entered PFC MA and PFC JW's containerized housing unit without permission. They held PFC JW down and took off his pants. Appellant "shoved multiple fingers up [PFC JW's] butt." Again, the attack lasted less than a minute. Private First Class MA witnessed the attack from his bed, but was afraid to try and stop it. In light of PFC MA's eyewitness testimony to this event, which corroborated PFC JW's credible testimony, we are convinced the instruction was harmless and "did not contribute to the verdict by 'tipping the

balance in the member's ultimate determination.'" *Guardado*, 77 M.J. at 94 (quoting *Hills*, 75 M.J. at 358).

## CONCLUSION

Upon consideration of the entire record, rather than authorize a rehearing, the finding of guilty of Specification 2 of Charge I is set aside and *conditionally* DISMISSED for judicial economy pending further appeal, if any, to our superior court. *See United States v. Britton*, 47 M.J. 195, 203 (C.A.A.F. 1997) (Effron, J., concurring); *United States v. Hines*, 75 M.J. 734, 738 n.4 (Army. Ct. Crim. App. 2016); *United States v. Woods*, 21 M.J. 856, 876 (A.C.M.R. 1986). Our dismissal is conditioned on the remaining guilty findings surviving the "final judgment" as to the legality of the proceedings. *See* UCMJ art. 71(c)(1) (defining final judgment as to the legality of the proceedings). The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the amended findings, the entire record, and in accordance with the principles of *United States v. Sales,* 22 M.J. 305, 307-08 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the sentence as approved by the convening authority. The panel found appellant guilty of Specification 1 of Charge III, a housebreaking charge that encompassed the criminal intent to commit the actions dismissed in Specification 1 of Charge I. The housebreaking charge was unaffected by the erroneous instructions and resolved appellant's intention to commit aggravated sexual contact upon entering PFC MA's room, leaving only the question of whether appellant attempted or actually committed the action. In light of this determination, we are convinced the panel would have sentenced appellant to at least that which was adjudged. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered to be restored. *See* UCMJ art. 75(a).

Judge FEBBO and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court