UNITED STATES, Appellee,

v.

**Victor PALACIOS, Sergeant
U.S. Army, Appellant.**

No. 68,092.
CMR No. 8902789.

U.S. Court of Military Appeals.

Argued May 10, 1993.
Decided Aug. 18, 1993.

For Appellant: *Terence A. Lober* (argued); *Captain David L. Thomas* (on brief); *Captain Michael J. Berrigan.*

For Appellee: *Captain Robert J. Walters* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A,. Russelburg, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

COX, Judge:

On September 11 and 12, 1989, appellant was tried by a general court-martial composed of officer members at Bad Kreuznach, Federal Republic of Germany. Con-

trary to his pleas, he was convicted of committing indecent acts and sodomy upon his 6–year–old stepdaughter, in violation of Articles 134 and 125, Uniform Code of Military Justice, 10 USC §§ 934 and 925, respectively. The court-martial sentenced appellant to confinement for 12 years, a dishonorable discharge, total forfeitures, and reduction to pay grade E–1. The convening authority approved the sentence.

On appeal, the Court of Military Review ruled that a videotaped statement of the victim was erroneously admitted by the military judge pursuant to Mil.Evid. 804(b)(5),[1] after he found that the victim was unavailable to testify. 32 MJ 1047 (1991). That court dismissed the sodomy charge but held that admission of the videotaped statement, in light of corroborating evidence, was harmless beyond a reasonable doubt with respect to the charge of committing indecent acts. The Court of Military Review set aside the sentence. On rehearing before a military judge sitting alone, appellant was sentenced to confinement for 30 months, a bad-conduct discharge, total forfeitures and reduction to pay grade E–1. The convening authority approved the sentence. The Court of Military Review again considered whether admission of the videotaped testimony was harmless error beyond a reasonable doubt with regard to the charge of committing indecent acts [2] and affirmed the sentence in an unpublished opinion dated March 11, 1992.

This Court granted review of the following issue:

WHETHER ADMISSION OF A VIDEO-TAPED STATEMENT, WHICH WAS LATER DECLARED BY THE COURT TO BE INADMISSIBLE EVIDENCE, IS A HARMLESS ERROR BEYOND A REASONABLE DOUBT.

The facts, as summarized by the Court of Military Review, are as follows:

Sergeant Palacios was charged with having committed indecent acts and sod-omy with his six-year-old stepdaughter on divers occasions between August 1988 and April 1989. His conduct came to light when his wife saw him leaving her daughter's bedroom with his fly open and with an apparent erection. Mrs. Palacios became very upset, yelled at her husband and demanded to know what had happened. Sergeant Palacios refused to answer. Mrs. Palacios immediately questioned her daughter, who was crying. The girl said that her stepfather had entered her room, pulled down her underwear, pulled down his underwear, and fondled her. Mrs. Palacios immediately called the military police. Military Police Investigator (MPI) Gruber arrived at the Palacios' quarters ten to fifteen minutes later. He questioned the girl, who was still upset, and she repeated her allegations and described a similar incident that occurred a year before.

A day later, MPI Graves, another investigator, interviewed the girl in his office. During the interview, the girl explained how appellant had molested her. She also related additional incidents of sexual abuse.... The girl's mother was present at the interview.

About a month later, prior to the commencement of the Article 32, UCMJ, 10 USC § 832, investigation, MPI Graves again questioned the girl. The interview was videotaped and is approximately one-and-one-half hours in length. The child's mother and grandmother were present initially, but left the room when MPI Graves began to question the girl. The trial counsel was present at this session. During the interview, the child revealed for the first time that, in addition to fondling her, her stepfather had sodomized her. The girl also provided more details as to the number and nature of the indecent touchings.

32 MJ at 1048–49. The victim's mother would not allow her to testify at trial.

■ We disagree with the conclusion of the Court of Military Review that admis-

---

1. Manual for Courts–Martial, United States, 1984.

2. Appellant asserted error pursuant to *United States v. Grostefon,* 12 MJ 431 (CMA 1982).

sion of the tape was harmless beyond a reasonable doubt as to the charge of indecent acts. *Id.* at 1053. Following the precedent of the Supreme Court, *Coy v. Iowa,* 487 U.S. 1012, 1021–22, 108 S.Ct. 2798, 2803–04, 101 L.Ed.2d 857 (1988), we have applied the harmless-error analysis to violations of the Confrontation Clause. *United States v. Batten,* 31 MJ 205 (CMA 1990). The Supreme Court, in *Fahy v. Connecticut,* 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), fashioned a rule for applying the harmless-error test. The Court was not concerned with the legal sufficiency of the evidence excluding the evidence complained of, but stated the question is, rather, "whether there is a reasonable possibility that the evidence complained of *might have contributed* to the conviction." *Id.* at 86–87, 84 S.Ct. at 230–31 (emphasis added). Such a determination must be made in light of all the evidence presented at trial. *Id.* at 87, 84 S.Ct. at 231. The Supreme Court restated that standard in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We followed the rule in *United States v. Remai,* 19 MJ 229 (CMA 1985).

 The Supreme Court has further explained:

An error in admitting plainly relevant evidence which possibly influenced the jury adversely to a litigant cannot, under *Fahy,* be conceived of as harmless.

*Chapman v. California,* 386 U.S. at 23–24, 87 S.Ct. at 827–28. In other words, the reviewing "court must be able to declare a belief that it was harmless beyond a reasonable doubt" to hold a "constitutional error" harmless. *Id.* at 24, 87 S.Ct. at 828.

To say that an error did not contribute to the verdict is ... to find that error unimportant in relation to everything else the jury considered on the issue in question....

*Yates v. Evatt,* —— U.S. ——, ——, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991). *United States v. Hasting,* 461 U.S. 499, 508, 103 S.Ct. 1974, 1979, 76 L.Ed.2d 96 (1983). The reviewing court must consider a host of factors, ... includ[ing] the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986), quoted in *United States v. Batten,* 31 MJ 205, 211 (CMA 1990) (citations omitted), and *United States v. Vanderwier,* 25 MJ 263, 267 (CMA 1987).

We are also concerned with the "spillover effect." During the trial, members were not instructed to consider the videotaped statement only as evidence of sodomy. The tape contained a great deal of persuasive evidence of numerous other indecent acts as well as sodomy. If the tape was considered by the members as evidence of indecent acts,

[t]his would violate one of the most basic precepts of American jurisprudence: that an accused must be convicted based on evidence of the crime before the court, not on evidence of a general criminal disposition.

*United States v. Hogan,* 20 MJ 71, 73 (CMA 1985) *citing United States v. Lotsch,* 102 F.2d 35, 36 (2d Cir.), *cert. denied,* 307 U.S. 622, 59 S.Ct. 793, 83 L.Ed. 1500 (1939).

In *Hogan,* an accused was charged with raping two Phillipine nationals. The only evidence presented concerning the first charge was a videotaped statement of the first victim. Evidence of the second rape included the Article 32, UCMJ, 10 USC § 832, testimony of the second victim, lab results from the rape-protocol examination, and a description of the victim at the hospital shortly after the rape. 20 MJ at 72. The accused was convicted of both rapes. On appeal, the Court of Military Review ruled the Article 32 testimony of the second victim had been improperly received, dismissed the specification involving the second rape, and affirmed the conviction of

the first rape. This Court was not convinced the erroneously-admitted Article 32 testimony did not contribute to the accused's conviction of the first rape and reversed the decision of the Court of Military Review. Even if the military judge gives proper instruction to prevent the "spillover effect," there may be circumstances where it would be impossible for a rational factfinder to separate the evidence relating to different charges. *United States v. Haye*, 29 MJ 213, 214 (CMA 1989). This is one of those situations. Given the relatedness of the offenses, we cannot be assured that the erroneously-admitted testimony did not affect the conviction of indecent assault. The videotape contained evidence of appellant's French kissing his stepdaughter and committing numerous indecent acts as well as sodomy. The girl acted out the indecent acts and sodomy with anatomically correct dolls. The video testimony was very persuasive evidence of both charges presented at trial. As in *Hogan*, the inadmissible evidence here was very damaging to appellant. We cannot consider the videotaped statement "unimportant in relation to everything else the jury considered," *see* 37 MJ at 368, and we are not persuaded beyond a reasonable doubt that it did not contribute to the verdict of guilty of committing indecent acts. —— U.S. at ——, 111 S.Ct. at 1893.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.