UNITED STATES

v.

**Louis GILBERT, 277–72–3349 Hull Maintenance Technician Third Class (E–4), U.S. Navy.**

**NMCM 93 01570.**

U.S. Navy–Marine Corps Court of Military Review.

Decided 14 June 1994.

LT Philip Sundel, JAGC, USNR, Appellate Defense Counsel.

LT Jack M. Kegelmeyer, JAGC, USNR, Appellate Government Counsel.

Before LARSON, C.J., WELCH, Senior Judge, and McLAUGHLIN, J.

McLAUGHLIN, Judge:

The appellant was tried on 6, 8, and 9 March 1993 by special court-martial composed of officer members. Pursuant to his pleas, he was convicted of failure to go to his appointed place of duty and operating a mo-

tor vehicle while under the influence of alcohol in violation of Articles 86 and 111, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 886 and 911. Contrary to his pleas, he was convicted of wrongful use of marijuana (under Charge IV) and indecent assault and indecent exposure (both under Charge V), in violation of Articles 112a and 134, UCMJ, 10 U.S.C. §§ 912a and 934. The adjudged sentence was 45 days' confinement, reduction to pay grade E–1, and a bad-conduct discharge. On 8 July 1993, the convening authority approved the findings and sentence as adjudged and, except for the discharge, ordered the sentence executed.

The appellant assigns four errors.[1] In the first assignment of error, the appellant avers, and the Government concedes, that the trial defense counsel was ineffective in failing to seek immunity for a witness whose proffered testimony would be "clearly exculpatory" regarding the wrongful use of marijuana offense. *United States v. Thomas*, 37 M.J. 302 (C.M.A.1993). We agree.

■ A meritorious claim of ineffective assistance of counsel must establish that (1) the factual allegations are true, (2) the counsel's performance fell below an objective standard of reasonableness, and (3) there is a reasonable probability that, but for the unreasonable performance, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Taylor*, 38 M.J. 254 (C.M.A.1993); *United States v. Tharpe*, 38 M.J. 8 (C.M.A.1993); *United States v. Polk*, 32 M.J. 150 (C.M.A.1991); *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). Counsel is presumed competent, and, on appeal, any claim of error concerning trial strategy must be evaluated from "counsel's perspective at the time of the alleged error

and in light of all the circumstances." *Scott*, 24 M.J. at 188.

■ The appellant called a civilian to the stand, Mr. M, who testified that the appellant had "bummed" cigarettes from him in the time immediately preceding his urinalysis test. The test results suggested marijuana use. Mr. M's testimony was provided through a Spanish-language translator. When asked "[w]as there anything besides tobacco in the cigarettes you had?", an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session was requested by the trial counsel. Record at 204. At that hearing, with the members absent, it was determined that the witness would not answer the question. Rightly or wrongly, the military judge struck the *entire* testimony of Mr. M and so informed the members. The defense counsel proffered that Mr. M would testify that his cigarettes, though they appeared to be commercially prepared menthol cigarettes, contained marijuana. The defense counsel stated that Mr. M's testimony was "relevant to a defense for my client to innocent ingestion." Record at 206. If believed, this would establish the complete defense of unknowing ingestion and is thereby clearly exculpatory. The defense counsel should have sought immunity or other relief. We find no sound reason in this record for failure to pursue immunity for Mr. M. *Thomas*, 37 M.J. 302; Rule for Courts–Martial (R.C.M.) 704(e).

Any concession is a rare, and usually well-thought-out, position for a litigant. In clarification of the concession, the Government has filed an affidavit of the trial defense counsel elaborating on the expected testimony of Mr. M. In essence, Mr. M would testify, if given immunity, that he kept several marijuana-laced cigarettes in his commercial-brand pack of cigarettes and had some on the night, shortly before the appellant's

1. I. APPELLANT WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHERE THE TRIAL DEFENSE COUNSEL APPARENTLY MADE NO EFFORT TO OBTAIN TESTIMONIAL IMMUNITY FOR AN ESSENTIAL DEFENSE WITNESS.

II. THE MILITARY JUDGE ERRED WHEN HE STRUCK THE ENTIRE TESTIMONY OF A DEFENSE WITNESS WHO REFUSED TO ANSWER INCRIMINATING QUESTIONS.

III. THE GOVERNMENT FAILED TO PROVE APPELLANT'S GUILT OF INDECENT ASSAULT AND INDECENT EXPOSURE BEYOND A REASONABLE DOUBT.

IV. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY–MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS VIOLATES APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (FOOTNOTE OMITTED.)

positive urinalysis, that the appellant "bummed" a cigarette from him. Mr. M carried these cigarettes so that he could "get high" without appearing suspicious. Mr. M would testify that he did not know that the "bummed" cigarette was one of his marijuana-laced cigarettes until he left the club. Mr. M would also testify that he did not tell the appellant that the "bummed" cigarette contained marijuana.

As a result of the defense proffer and the trial defense counsel's affidavit, we accept the Government's concession and will take appropriate action in our disposition of the case. We conclude that the appellant received ineffective assistance of counsel when his defense counsel neglected to pursue immunity for Mr. M from the convening authority or other appropriate relief. R.C.M. 704(e). This action moots Assignment of Error II and negates any error in not including Prosecution Exhibit 4 (a photograph of the urinalysis collection bottle purportedly used by appellant) in the record of trial. Because we cannot say that the Government's case on the illegal use of marijuana could have withstood introduction of the testimony of Mr. M and its suggestion of innocent ingestion, we will set aside that finding. *Scott,* 24 M.J. at 193.

### *Spillover*

■ Under Article 66(c), UCMJ, 10 U.S.C. § 866(c), a Court of Military Review has the duty to determine not only the legal sufficiency of the evidence but also its factual sufficiency. *United States v. Turner,* 25 M.J. 324 (C.M.A.1987). Although this is not the usual case of "spillover effect," where the court considers the harmful effect of erroneously-admitted *adverse* evidence on an accused's guilt of other charges, we feel the rationale applies. *United States v. Haye,* 29 M.J. 213 (C.M.A.1989). The question of the appellant's guilt of the indecent offenses under Charge V was a credibility contest between him and the female victim. There was no other evidence to support the findings to those offenses. The members obviously found the appellant's credibility to be lacking with respect to his testimony about the offenses under Charge V, as well as to his innocent ingestion defense to marijuana use. Because we have concluded, under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that there is a reasonable probability that Mr. M's immunized testimony would have supported the appellant's defense of innocent ingestion, we cannot say that the entire contested case against appellant could have withstood introduction of this corroborative evidence. *Scott,* 24 M.J. at 193. Had this evidence, which effectively endorses the appellant's credibility as to the drug offense, been before the members, it would have been difficult for them to separate and then isolate it from their assessment of his credibility as to the indecent assault and indecent exposure offenses. Furthermore, we cannot perform our duty to pass judgment on the factual sufficiency of his guilt of the latter offenses knowing that a significant piece of evidence in support of his credibility is missing from the record. *United States v. Palacios,* 37 M.J. 366 (C.M.A.1993). The loss of this support is further compounded by the military judge's instruction to the members to not consider even Mr. M's direct testimony. Record at 209. The practical effect of this ruling was to remove critical support for the appellant's testimony as to innocent ingestion and, worse, to signal to the fact finder that it was not credible evidence.

The remaining assignment of error is without merit. *United States v. Mitchell,* 39 M.J. 131 (C.M.A.1994).

Accordingly, the findings of guilty to Charge IV and V, and the specifications under those charges, and the sentence are set aside. The record is remanded to the Judge Advocate General. A rehearing may be ordered by the same or a different convening authority.

Chief Judge LARSON and Senior Judge WELCH concur.